*E-Filed 7/3/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

LANCE S. WILLIAMS,

    Plaintiff,

    v.

ALAMEDA COUNTY, et al.,

    Defendants.

No. C 12-1162 RS (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*.

§ 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that (1) Deputies Pinedo and Feroz, employees of the Alameda County Sheriff's Department, used excessive force against him; (2) he was denied medical treatment; (3) Captain Gomez failed to train his subordinates adequately and to investigate the claim of excessive force; and (4) he lived in unsanitary conditions because of a toilet back-up in his cell. Claim 1, when liberally construed, is sufficient to state a claim under section 1983. Claim 2 is, however, DISMISSED with leave to amend. As currently stated, it does not contain sufficient factual matter to state a claim under § 1983. Plaintiff must allege specific facts as to the number of times he sought treatment, the names of persons who denied him such treatment, the nature of his injuries, and how the failure to treat was a failure to treat a serious medical condition. Claim 3 is also DISMISSED with leave to amend. Plaintiff must be mindful about naming persons who occupy supervisory positions. There is no *respondeat superior* liability under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

1989). It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948–52 (2009) (noting no vicarious liability under section 1983 or *Bivens* actions). So it is insufficient for a plaintiff to allege only that supervisors knew about the constitutional violation and that they generally created policies and procedures that led to the violation. He must allege "a specific policy" or "a specific event" instigated by them that led to the constitutional violations. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

Claim 4, regarding living in unsanitary conditions, is DISMISSED with leave to amend. The toilet back-up and the failure to clean the mess for a day does not state a claim under § 1983. First, the toilet back up itself is at worst negligence, and therefore is not actionable under § 1983. *See Farmer v. Brennan*, 511 U.S. 825, 835–36 & n.4 (1994). Second, only "a lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995)). Plaintiff has not shown that the lack of sanitation was severe or prolonged. It appears in fact that he was moved to a different cell.

Accordingly, the complaint is DISMISSED with leave to amend. Plaintiff shall file an amended complaint within 30 days from the date this order is filed. The amended complaint must address all the deficiencies listed above, and include the caption and civil case number used in this order (12-1162 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present (including claim 1) and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Any claims not raised in the first amended

complaint will be deemed waived. Plaintiff may *not* incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: July 2, 2012

RICHARD SEEBORG
United States District Judge